1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Jay McCorkle,                        )   No. CV-11-0854-PHX-FJM
                                         )
10           Plaintiff,                  )   **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     Michael J. Astrue, Commissioner, Social)
13   Security Administration,            )
                                         )
14           Defendant.                  )
                                         )
15   _____   )

16

17

18          We have before us plaintiff's opening brief (doc. 12), defendant's answering brief

19   (doc. 15), plaintiff's reply brief (doc. 16), and the administrative record (doc. 11).

20          This case arises from a denial by the Social Security Administration of an application

21   for disability benefits filed by plaintiff on February 27, 2008, alleging a disability onset of

22   October 3, 2007.  The claim was denied initially and upon reconsideration.  After a hearing

23   on January 20, 2010, the administrative law judge (ALJ) issued a decision denying benefits.

24   The decision became the final decision of the Commissioner when the Appeals Council

25   denied plaintiff's request for review.  Plaintiff then filed this action for judicial review under

26   42 U.S.C. § 405(g).

27          A district court may set aside a denial of benefits "only if it is not supported by

28   substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954

(9th Cir. 2002).  Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion.  Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Id. (citation omitted).

Plaintiff is 49 years old, with a 10th grade education and past work experience as an equipment operator, truck driver, metal polisher, and manager of a smoke shop.  He had spinal surgeries in 1991 and 1995, with spinal fusions at cervical levels C4-5 and C5-6, and lumbar fusions at levels L1-2 and L4-5.  Despite these surgeries and ongoing complaints of back pain during the period before the disability onset date, plaintiff was able to perform various jobs at the heavy to very heavy exertional level.  Tr. 144.

Plaintiff was in a motor vehicle accident on October 3, 2007.  He injured his right shoulder and exacerbated his existing spinal problems.  He complained of right shoulder pain, muscle spasms, neck stiffness and hyperreflexia in the upper extremities.  Tr. 207.  An MRI showed a C4-5 osteophyte, C6-7 disc herniation, C3-4 disc bulging, pressing on the thecal sac.  Tr. 203.  In February 2008, Dr. Curtis Spencer, plaintiff's treating physician, performed surgery on the right shoulder.  Tr. 226.  In April 2008, Dr. Spencer recommended physical therapy, weight reduction, and home exercise in order to return plaintiff to lighter work.  Tr. 231.

The ALJ found that plaintiff had severe impairments, including cervical and lumbar degenerative disc disease, post-cervical and lumbar spine fusion, right shoulder trauma, and post-right acromioclavicular joint surgery.  Tr. 14.  He stated that plaintiff has moderate pain that is controlled by medication without significant side effects.  He discounted plaintiff's subjective reports of constant shoulder and neck pain, as well as lower back pain that prevents him from sitting, standing, or walking for more than a few minutes  at a time.  Tr. 16.

The ALJ concluded that plaintiff has the residual functional capacity (RFC) to perform light work, but with the option to sit and stand, avoid climbing ropes, ladders and scaffolds, and avoid working with cold temperatures or extreme humidity or wetness.  Tr. 15.

1   Based on the RFC assessment, the ALJ concluded that plaintiff is unable to perform his past

2   relevant work as a highway maintenance worker, equipment operator, or truck driver, which

3   are performed at the heavy exertional level.   A vocational expert testified at the

4   administrative hearing that there are jobs existing in significant numbers in the national

5   economy that plaintiff can perform, including general office clerk, office machine operator,

6   and courier.  Accordingly, the ALJ concluded that plaintiff is not disabled.

7       Plaintiff challenges the disability decision, arguing that the ALJ erred by improperly

8   evaluating the opinion of his treating physician, Dr. Spencer.  On November 13, 2008,

9   plaintiff told Dr. Spencer that he had neck and low back pain, intermittent shoulder

10  discomfort, but was "reasonably good" overall. Tr. 327. Dr. Spencer concluded that plaintiff

11  was "just at a point where he can't physically work an 8-hour day because of sitting

12  intolerance, balance issues and climbing in and out of trucks which is his job."  Id.  Dr.

13  Spencer opined that plaintiff "cannot do repetitive bending and twisting.  I think he is

14  disabled." Id.  On November 20, 2008, Dr. Spencer completed a "Medical Assessment of

15  Ability to Do Word Related Activities," in which he stated that plaintiff can only sit, stand,

16  or walk for 1 hour at a time, sit for 4 hours and stand/walk for 2 hours in an 8-hour day,

17  occasionally lift or carry up to 25 pounds, and characterized his pain as "moderately severe."

18  Tr. 324-26.  In August 2009, Dr. Spencer completed a disability placard application in which

19  he stated that plaintiff was "severely limited in [his] ability to walk due to an arthritic,

20  neurological or orthopedic condition."  Tr. 328.

21      The ALJ assigned "some weight" to Dr. Spencer's opinion to the extent it was

22  consistent with the record as a whole.  However, the ALJ held that Dr. Spencer's conclusion

23  that plaintiff is "disabled" is entitled to no deference because it concerns the ultimate issue

24  of disability—a decision reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Moreover,

25  plaintiff's eligibility for a disability placard is a determination by another governmental

26  agency and is not binding on the Social Security Administration.  20 C.F.R. § 404.1504.

27  Finally, the ALJ discounted Dr. Spencer's disability finding because it is inconsistent with

28  his own treatment records.

1    In December 2007, two months after plaintiff's motor vehicle accident, Dr. Spencer
2    stated that he was "not sure that [plaintiff] is going to be able to return to the type of work
3    that he presently is doing." Tr. 235.  He did not suggest that plaintiff would be unable to
4    perform any work.  After plaintiff's shoulder surgery in March 2008, Dr. Spencer found that
5    plaintiff had a full range of motion and his pain was "definitely better." Tr. 234.  In April
6    2008, Dr. Spencer reported that plaintiff's shoulder "seem[ed] to be doing reasonably well"
7    and he was not in any substantial pain.  Tr. 231.  Plaintiff had a full range of motion and
8    "some intermittent areas where his shoulder occasionally catches," but "[o]verall, his
9    shoulder is markedly improved since the surgery." Id.  Also in April, Dr. Spencer opined
10   that plaintiff would have a "difficult time returning to his normal labor," and would "have
11   to retrain himself to a light duty job." Id.  He recommended weight reduction, a home
12   exercise program, and a follow-up visit in 6 months. Id.  The administrative record contains
13   no treatment records after April 2008.  Nevertheless, on November 13, 2008, Dr. Spencer
14   opined that plaintiff "is disabled." Tr. 327.  One week later, Dr. Spencer completed a
15   medical source statement indicating that plaintiff's capacity to sit and stand would not
16   support an 8-hour workday.

17   We agree with the ALJ that Dr. Spencer's disability findings referred to plaintiff's
18   inability to perform his past work at the heavy exertional level.  In April 2008, Dr. Spencer
19   stated that he thought plaintiff would "have to retrain himself to a light duty job." Tr. 231.
20   On November 13, 2008, Dr. Spencer stated that plaintiff is "disabled" because his
21   impairments will prevent him from "climbing in and out of trucks which is his job." Tr. 327.
22   Finally, Dr. Spencer's medical source statement and his finding of "disability" are not based
23   on any contemporaneous objective medical findings.

24   We also agree that the ALJ properly discounted the opinions of plaintiff's
25   chiropractor and physical therapist.  Neither practitioner is considered an "acceptable medical
26   source" within the meaning of 20 C.F.R. § 404.1513(a), and their opinions are not entitled
27   to controlling weight.  Moreover, the chiropractor's statement was vague and assigned no
28   functional limitations, Tr. 228, and the physical therapist's statement does not support total

disability, Tr. 229.

Based on the foregoing, we conclude that the ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence in the record.  Therefore, **IT IS ORDERED AFFIRMING** the decision of the Commissioner denying disability benefits.  The clerk shall enter final judgment.

DATED this 11th day of April, 2012.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge